UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DANIEL O'NEILL**,

    Petitioner,

v.                                               **CIVIL NO. 04-0918 MCA/DJS**

**JAMES JANECKA, Warden,**

    Respondent.


**<u>MAGISTRATE JUDGE'S PROPOSED FINDINGS<br>AND RECOMMENDED DISPOSITION</u>**[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-96-146 in the Sixth Judicial District, Grant County, of New Mexico. In that proceeding Petitioner was convicted, pursuant to a guilty plea, of three counts of Criminal Sexual Contact of a Minor. In addition, Petitioner pleaded no contest to a supplemental criminal information charging that he had previously been convicted of three felonies. Accordingly, Petitioner was subject to an habitual offender enhancement of his sentence and was sentenced to a term of imprisonment totalling thirty-three years, to be followed by two years parole.

2. Petitioner challenges his conviction and sentence on the ground that he was afforded

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

ineffective assistance of counsel. Petitioner contends that his attorney failed to raise the issue that one of the felonies used to enhance his sentence was over twenty years old, rendering the enhanceent invalid. In addition, he contends his attorney failed to take action on the knowledge that Petitioner had been involved in a relationship with the sentencing judge's wife and that his attorney lied to him regarding the plea agreement. Finally, he asserts that his attorney failed to provide him with a defense. In addition, Petitioner contends that the state courts failed to properly consider his post-conviction motions.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent asserts that Petitioner failed to exhaust his state court remedies as to all of the claims brought in the instant petition, rendering it a "mixed petition". Respondent has moved to dismiss the petition on that ground and on the basis that it is time barred. The Court agrees that the petition is subject to dismissal because it is untimely without reaching the question of whether Petitioner exhausted his state court remedies.

**TIMELINESS**

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations is tolled

during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

     5. Petitioner's judgment and sentence was entered on June 10, 1997, after the effective date of the AEDPA. Answer, Exhibit A. Petitioner did not file a direct appeal. However, on June 25,1997, he filed a motion for reconsideration of sentence which was denied on August 15, 1997 Answer, Exhibits D, F. Next, on April 30, 1999, Petitioner filed a motion to amend his judgment and sentence. That motion was denied on May 4, 1999. Answer, Exhibits G, H. Petitioner field a motion for reduction of sentence in the New Mexico courts on August 2, 2000, which was denied on August 3, 2004. Answer, Exhibits I, J. On October 5, 2004, Petitioner filed a motion to vacate the judgment and to withdraw his appeal, which was denied on October 13, 2004. Answer, Exhibits K, L. Petitioner continued to file various request for a reduced sentence, culminating with the instant petition filed on August 13, 2004.

     6. Respondent assumes that Petitioner's motions for reconsideration filed in July and August of 1997 tolled the AEDPA time period as properly filed applications for collateral review. Between the denial of those motions on August 15, 1997 and Petitioner's motion to amend his judgment and sentence on April 30, 1999, six hundred and twenty-three days, well in excess of the one-year AEDPA time limit, passed. Further, between the denial of that motion on May 4, 1999 and Petitioner's next application for collateral review on August 2, 2000, another four hundred and fifty-five days passed, once again exceeding the AEDPA time limit.

     7. The one-year time limit may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir.2000) <u>cert.</u>

denied, 531 U.S. 1194 (2001). Petitioner has the burden of demonstrating that equitable tolling should apply. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). In this instance, Petitioner asserts that he was being frequently moved from prison to prison in 1998, preventing him from seeking relief from the courts. In support of this allegation, Petitioner attaches a number of classification documents from that year showing that he was in voluntary administrative segregation for his own safety. Assuming, *arguendo*, that Petitioner had shown a sufficient impediment to filing for post conviction relief between 1997 and 1999, he does not address or explain the delay of more than one year between the denial of his motion to amend his judgment in May, 1999 and his next petition for collateral review in August, 2000. As noted, equitable tolling is appropriate only in exceptional circumstances. See Miller, 141 F.3d at 978. Petitioner's claims do not allege exceptional circumstances wherein equitable tolling would be appropriate and he has not demonstrated diligence in pursuing those claims.

**RECOMMENDED DISPOSITION**

That Respondent's Motion to Dismiss be granted and that this petition be denied as time barred and dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**